## B. B. LARSON v. K. O. SLETTE AND OTHERS.[1]

February 4, 1916.

Nos. 19,577—(180).

**Exchange of bank stock — evidence of value.**

An award of arbitrators that the difference in value between the bank stock owned by plaintiff and that owned by defendants was $8,455, was supported by the evidence. [Reporter.]

Plaintiff moved the district court for Clay county to confirm an award of arbitrators and enter judgment upon the award. Defendants moved to vacate the award and for a new trial, in case the motion was denied to amend the award in specified particulars. The motions were heard before Parsons, J., who ordered amendments to two paragraphs and as modified confirmed the award. From the judgment entered pursuant to the order, defendants appealed. Affirmed.

*Christian G. Dosland* and *Victor Oleson*, for appellants.

*A. O. Ueland* and *F. H. Peterson*, for respondent.

PER CURIAM.

On October 20, 1910, B. B. Larson, K. O. Slette, I. O. Slette and Clara B. Slette were owners of stock of the First National Bank of Culbertson, Montana, and of stock of state banks at Climax, Halstad and Neilsville, Minnesota. They made an agreement whereby Larson was to become the owner of the stock of the Minnesota banks and the Slettes the owners of the stock of the Montana bank. The difference in value was to be paid by Larson or by the Slettes, depending upon whose stock should be of the greater value. Later they entered into a statutory arbitration of the value. The arbitrators fixed the value of Larson's Montana bank stock at $19,375 and the value of the Minnesota bank stock of the Slettes at $10,920, leaving a balance due Larson of $8,455. The court approved the findings of the abitrators and judgment was entered in favor of Larson against the Slettes. The Slettes appealed from the judgment.

We have examined the evidence. Necessarily the question of the value of the different bank stocks was very much a matter of estimate and judgment. In our opinion the evidence amply sustains the findings of the arbitrators. The evidence is voluminous and no useful purpose is served by reviewing it.

Judgment affirmed.

[1]Reported in 156 N. W. 1086.